

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 20, 1951

Mrs. B. B. Sapp
Director and Executive Secretary
Teacher Retirement System of Texas
Austin, Texas

Opinion No. V-1289

Re: Legality of member of
Board of Trustees of
the Teacher Retire-
ment System appointed
under Article 2922-1,
Sec 6, subsec. (2) (d),
V.C.S., continuing to
serve as trustee upon
acceptance of retire-
ment benefits.

Dear Mrs. Sapp:

You have asked this office for an inter-
pretation of Section 6, subsection (2) (d), Art-
icle 2922-1, V.C.S., which provides that three of
the trustees of the Teacher Retirement System
shall be members of the Retirement System and
that these members "shall serve for terms of six
years, or until their successors are qualified."

In your request, you state that the
Board of Trustees of the Teacher Retirement System
has interpreted this provision to mean that if a
member of the Teacher Retirement System is nomi-
nated by the members of the System and is appointed
by the Governor and confirmed by the Senate, that
person may serve for a term of six years, even
though he accepts retirement benefits under the
Teacher Retirement Law before the expiration of his
term. You ask whether this interpretation is cor-
rect.

Section 6 of Article 2922-1, V.C S., as
amended, insofar as pertinent to this opinion, pro-
vides as follows:

"(1) The general administration and
responsibility for the proper operation

of the Retirement System and for making effective the provisions of the Act are hereby vested in a State Board of Trustees . . .

"(2) The Board shall consist of six (6) trustees, as follows:
(a) The State Life Insurance Commissioner, ex officio.
(b) The Chairman of the State Board of Control of Texas, ex officio.
(c) A person nominated by the State Board of Education for a term of six (6) years who shall be confirmed by a two thirds (2/3) vote of the Senate of the State of Texas present after submission to the Senate by the State Board of Education of the person nominated.
(d) Three (3) of the trustees shall be <u>members of the Retirement System</u> and shall be nominated by the members of the Retirement System for a term of six (6) years each, according to such rules and regulations as the State Board of Trustees shall adopt to govern such nominations provided that the first <u>three (3) teachers</u> to serve as members of the State Board of Trustees shall be appointed by the Governor . . . The terms of office of the first <u>three (3) teacher-trustees</u> shall begin immediately after they have qualified and taken the oath of office. They shall draw for terms of two (2), four (4), and six (6) years, which shall expire August 31, 1939, and August 31, 1941, and August 31, 1943, respectively. Thereafter, the State Board of Trustees shall provide for the nomination of <u>three (3) teacher-members</u> bienially by popular election of members of the Retirement System, from which the Governor shall appoint one <u>member</u> to the State Board of Trustees; said member shall be subject to confirmation by two-thirds vote of the State Senate. The members so appointed shall

serve for terms of six (6) years, or until their successors are qualified.
. . .

"(3) If a vacancy occurs in the office of a trustee, the vacancy shall be filled for the unexpired term in the same manner as the office was previously filled.

"(4) The trustees shall serve without compensation, . . ." (Emphasis added throughout opinion.)

Section 1 of Article 2922-1 provides as follows:

"The following words and phrases as used in this Act, unless a different meaning is plainly required by the context, shall have the following meanings:

" . . .

"(6) 'Member' shall mean any teacher or auxiliary employee included in the membership of the System as provided in Section 3 of this Act.

" . . .

"(12) 'Beneficiary' shall mean any person in receipt of an annuity, a retirement allowance, or other benefit as provided by this Act."

Section 3 of Article 2922-1 designates those persons included in the membership of the Teacher Retirement System. Subsection (5)(c) of Section 3 then provides as follows:

"Should any member in any period of six (6) consecutive years after becoming a member be absent from service more than five (5) consecutive years, or should he withdraw his accumulated contributions, <u>or should become a beneficiary</u>, or upon his death, he shall thereupon cease to be a member; pro-

vided, however, that any member who has twenty-five (25) years of creditable servie in Texas may leave the service prior to attaining the age of sixty (60) years and continue as a member of the Teacher Retirement System by not withdrawing his accumulated contributions, . . ."

The State Board of Trustees of the Teacher Retirement System of Texas was created by the Legislature to administer the Retirement System established under Article 2922-1, V.C.S., pursuant to Section 48a, Article III, Constitution of Texas. It being a creature of statute, power lies inherent in the Legislature to provide by law for the selection and qualifications of the membership constituting that Board. Att'y Gen. Op. V-219 (1947).

In Section 6 of Article 2922-1, provision is made for a Board of six trustees. Subsection (2) (d) provides that three of the trustees shall be "members" of the Retirement System. By virtue of the provisions of Section 3, subsection (5)(c) and Section 1, subsections (6) and (12) of Article 2922-1, it is clear that a "beneficiary" under that Act is not a "member" of the Teacher Retirement System. "Beneficiary" is defined to include any person in receipt of of a retirement allowance. Therefore any teacher-member trustee on the Board of Trustees who makes application for retirement benefits and is awarded and receives a retirement allowance ceases to be, upon receipt thereof, a member of the Retirement System. He then becomes a beneficiary of the System, and, as such, has lost his former status as a member.

Clearly, membership in the Retirement System is a prescribed qualification as to eligibility for nomination and appointment for the trustee offices covered by subsection (2)(d) of Section 6. Does the statute also mean that membership in the System is a necessary qualification to hold the office to which one has been lawfully nominated and appointed?

The requirement in subsection (2)(d) that "three (3) of the trustees shall be members of the Retirement System" is clear and unambiguous. It states a positive qualification requirement. It

Mrs. B. B. Sapp, page 5 (V-1289)


prescribes, in substance, that each of such trustees shall be members of the Retirement System as a necessary qualification for holding the office, as well as a necessary qualification for their eligibility to nomination and appointment thereto. To conclude that membership in the System is necessary only to establish eligibility for nomination and appointment to the office is to read into the express qualification requirement a restriction on its application at variance with the clear mandatory pronouncement.

We think the applicable rule is stated in 42 Am.Jur. 912, Public Officers, Sec. 41, as follows:

"Eligibility to public office is of a continuing nature and must exist at the commencement of the term and during the occupancy of the office. The fact that the candidate may have been qualified at the time of his election is not sufficient to entitle him to hold the office, if at the time of the commencement of the term or during the continuance of the incumbency he ceases to be qualified."

For cases supporting this rule, see Annotation, 88 A.L.R. 812, 828, and State ex rel. Olson v. Langer, 65 N.D. 68, 256 N.W. 377 (1934).

But conceding, for discussion's sake only that the law is ambiguous in this respect, it ought to be interpreted in the light of legislative purpose or intent, where that can be ascertained. We conceive that this purpose and policy is to establish and guarantee representation of the members of the Retirement System on the State Board of Trustees of that System in the manner and to the extent therein provided. Such teacher-members representatives are selected from the nominees of the members of the Retirement System itself. The law so provides. They are peculiarly familiar by reason of their actual membership in the System with the needs and welfare of the members of that System.

Incongruities arise if we conclude to the contrary, i.e., that membership in the System is a necessary qualification only for eligibility for nomination and appointment to the Board. If a person lawfully appointed trustee of the Board is a member of the Retirement System on the day of his

nomination or of his appointment, but immediately ceases to become a member of the System by reason of his becoming a beneficiary, he could serve his six years' term; and, if all three of such appointed teacher-member trustees chould happen to cease being members of the System during their respective terms of office, they would still constitute the member representation on the Board. Such contingencies are opposed to the policy of the statute whose purpose is to require such three persons to be members of the Retirement System not only when nominated and appointed to the Board but during their terms of office.

Accordingly, it is the opinion of this office that a trustee lawfully appointed and serving on the State Board of Trustees of the Teacher Retirement System under the provisions of Section 6, subsection (2)(d), Article 2922-1, V.C.S., is not qualifed for membership on the Board when he ceases to be a member of the Teacher Retirement System and becomes a "beneficiary" and receives a retirement allowance under that System.

## SUMMARY

A member of the Board of Trustees of the Teacher Retirement System is not qualified for membership on the Board when he ceases to be a member of the Teacher Retirement System by becoming a "beneficiary" and receiving a retirement allowance under that System. Art. 2922-1, Sec. 1, subsecs. (6) and (12), Sec. 3, subsec. (5)(c), and Sec. 6, subsec. (2)(d), V.C.S.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

CEO:awo

Yours very truly,

PRICE DANIEL
Attorney General

By *Chester E. Ollison*
Chester E. Ollison
Assistant